IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No. 3:24-CR-63-TAV-JEM |
| v. | ) |
| DARNELL MONTEISE THOMAS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Motion for Payment of Travel Expenses [Doc. 62], which was filed on April 29, 2025, and referred [Doc. 65] to the undersigned on the following day. At Defendant Thomas's initial appearance and arraignment in this district, the Court released him on conditions [Doc. 22].

Defendant is scheduled to enter a change of plea on May 29, 2025. Pursuant to 18 U.S.C. § 4285, Defendant asks that the Court order the United States Marshals Service to make travel arrangements, at the United States Marshals expense, to ensure Defendant appears in Court for the change of plea hearing.

A United States Magistrate Judge may order that the United States Marshal arrange for non-custodial transportation or provide the fare for same for a defendant released on conditions in another district to travel to the prosecuting district for a court appearance if the judge is satisfied that (1) such order would be in the interests of justice and (2) the defendant is not financially able to provide the transportation on his or her own. 18 U.S.C. § 4285. This statute is limited to the

payment of one-way travel for a court appearance. *Id.*; *United States v. Mouzon*, No. 1:12-CR-301-04, 2014 WL 1303708, *1–2 (M.D. Pa. Mar. 31, 2014) (observing that the legislative history reveals Congress's intent that the statute authorize funds for travel only to the district); *United States v. Birdhorse*, No. 2:07-CR-65, 2007 WL 2358634, *2 (D.N.D. Aug. 17, 2007) (explaining that § 4285 "allows only payment of one-way travel to a court appearance, and not for costs of return travel"); *United States v. James*, 762 F. Supp. 1, 2 (D.D.C. 1991) (holding that "the statute provides for a one way ticket, notwithstanding the possible hardship to the defendant"). The statute also permits the judge to require the Marshals Service "to furnish that person with an amount of money for subsistence expenses *to his destination*[.]" 18 U.S.C. § 4285 (emphasis added). The policy behind the statute is to gain the defendant's appearance both economically and expeditiously:

> Arranging for noncustodial transportation is an efficient means of securing court appearances by willing indigent defendants. Absent that payment for noncustodial transportation, the likely result is custodial transportation following issuance of a warrant, at far higher costs to the United States Marshal's Service.

*Birdhorse*, 2007 WL 2358634, at *2 (citation omitted).

Section 4285 requires the Court to make "appropriate inquiry" into whether a defendant is financially able to transport him or herself to a required court appearance. In this regard, the Court observes that it found [Doc. 21] Defendant to be indigent for purposes of the appointment of counsel at his initial appearance. A defendant's inability to afford representation, however, does not necessarily mean that the defendant is financially unable to pay transportation expenses to this district. Accordingly, the Court directed Defendant to file ex parte an updated financial affidavit [Doc. 66]. Defendant filed this affidavit [Doc. 68] on May 5, 2025. Based upon the Court's review of Defendant's financial affidavits and the information presented in the motion [Doc. 62], the

Court finds that Defendant is not financially able to pay for his transportation to this district for his May 29 change of plea hearing, and that ordering the United States Marshals Service to arrange for non-custodial transportation to that hearing would be in the interests of justice.

Accordingly, Defendant's Motion [**Doc. 62**] is **GRANTED in part** in that the Court grants travel expenses for transportation to the Eastern District of Tennessee and subsistence expenses for meals while traveling to this district. In this respect, the Court **ORDERS** that the United States Marshals Service fund Defendant's noncustodial transportation from Phoenix, Arizona, to Knoxville, Tennessee, for a change of plea hearing on **May 29, 2025, at 1:30 p.m.** If Defendant will be traveling by airplane, the Court **DIRECTS** that he fly out of the Phoenix Sky Harbor International Airport in Phoenix, Arizona, and arrive in Knoxville on **Wednesday, May 28, 2025**. The Court also **ORDERS** the United States Marshals Service to provide subsistence expenses for meals while traveling to the Eastern District of Tennessee.

Defendant's motion [**Doc. 62**] is **DENIED** in all other respects. Specifically, the United States Marshals Service does *not* have to provide return transportation to Arizona following the hearing, as the statute does not permit such funding. The United States Marshals Service also does *not* have to provide ground travel for Defendant (either in Arizona or in Knoxville), lodging, or meals beyond those ordered above. The statute does not authorize such expenses. *See United States v. Gundersen*, 978 F.2d 580, 584 (10th Cir. 1992) (holding that § 4285 does not provide for payment of lodging and meals during a trial, "only for the travel to court and subsistence during the period of travel"); *United States v. Nave*, 733 F. Supp. 1002, 1002 (D. Md. 1990) (observing that the legislative history to § 4285 states that subsistence may only be provided while the defendant is traveling and must terminate upon the defendant's arrival at the destination). And Defendant has not shown he does not have sufficient means to pay these

3

Case 3:24-cr-00063-TAV-JEM    Document 69    Filed 05/08/25    Page 3 of 4    PageID #: 222

expenses himself. Accordingly, Defendant will have to arrange for and provide his own ground transportation (to include transportation from the airport), lodging, and meals (other than meals during travel from Arizona to the district) while in the Eastern District of Tennessee.

The Clerk of Court is **DIRECTED** to provide a copy of this Order to the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge